**IN THE COURT OF APPEALS OF IOWA**

No. 17-1554
Filed December 6, 2017

**IN THE INTEREST OF C.L.,**
**Minor Child,**

**S.L., Mother,**
 Appellant.
_____

 Appeal from the Iowa District Court for Polk County, Louise M. Jacobs,
District Associate Judge.

 A mother appeals from the order terminating her parental rights.
**AFFIRMED.**

 Jacob L. Mason of JL Mason Law, P.L.L.C., Ankeny, for appellant mother.

 Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant
Attorney General, for appellee State.

 Nicole Garbis Nolan of the Youth Law Center, Des Moines, for minor child.

 Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DANILSON, Chief Judge.**

A mother appeals from the order terminating parental rights to her child, C.L., pursuant to Iowa Code section 232.116(1)(g) and (h) (2017).[1] The mother acknowledges that grounds for termination exist but argues the court need not terminate her parental rights pursuant to Iowa Code section 232.116(3)(a) (child in legal custody of a relative). She contends the department of human services (DHS) did not investigate the maternal grandfather as a possible caretaker of the child and, if the child was placed with a relative, termination would have been unnecessary. DHS considered placement with the maternal grandfather and decided that he would not be an appropriate placement given his criminal history. In fact, the grandfather was still subject to supervision by a federal parole officer at the time of the termination hearing. Placement and a change of custody to the

---

[1] Section 232.116(1) authorizes a court to terminate a parent's rights where:
  (g) The court finds that all of the following have occurred:
    (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.
    (3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.
    (4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.
  (h) The court finds that all of the following have occurred:
    (1) The child is three years of age or younger.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

grandfather were not in the child's best interests because the child is at an adoptable age, has bonded with the foster family, and the mother—who is in federal custody—has little likelihood of gaining stability in her life in the near future. Section 232.116(3)(a) is not applicable because the child is in the custody of DHS. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

Upon our de novo review, *see id.* at 110, we find grounds for termination exist, the child's statutory best interests are furthered by termination of parental rights and adoption, *see id.* at 113, and no permissive factor weighs against termination. We affirm.

**AFFIRMED.**